**FILED**

FEB 13 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>    Plaintiff,<br><br>v.<br><br>G. D. LEWIS, et al.,<br><br>    Defendants. | No. C 13-03366 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS<br><br><br>(Docket Nos. 3, 6, 9, 10 & 11) |

    Plaintiff, an inmate currently incarcerated at the Pelican Bay State Prison ("PBSP"), in Crescent City, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate written order. Plaintiff has also filed motions for a preliminary injunction, (Docket Nos. 3, 10 and 11), and motions for a ruling, (Docket Nos. 6 and 9).

## DISCUSSION

**A.   Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff presents several claims from separate incidents that occurred since his transfer to PBSP in March 2011, including: (1) retaliation for filing civil suits against prison officials, (Compl. at 6); (2) denial of access to courts, (id. at 8); (3) state claims related to the retaliation and denial of access to courts, (id. at 8, 11); (4) denial of adequate nutritious food from June 2012, (id. at 12) ; (5) "Retaliation - Dairy Food", (id. at 16); (6) "failure to comply with doctors [sic] orders," (id.); (7) denial of medical care, (id.); (8) state claims related to his diet and medical care, (id. at 18); (9) denial of religious diet, (id.); (10) "Retaliation - Potty Watch" in April 2013, (id. at 19); (11) "Denial of Informed Consent" for a chicken pox vaccine, (id. at 26); and (12) state medical negligence, (id. at 27).

Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants so long as: (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2).   On its face, Plaintiff's complaint appears to violate Federal Rule of Civil Procedure 20(a)(2) because he alleges unrelated claims that do not contain a question of law or fact that is common to all Defendants. The claims range from

allegations of First Amendment retaliation to inadequate diet and medical claims which occurred at separate times.

For the foregoing reasons, Plaintiff's Complaint is DISMISSED with LEAVE TO AMEND within thirty (30) days of the date of this Order.

**C.   Motions for Preliminary Injunction**

Plaintiff has filed a motions for a preliminary injunction. (Docket Nos. 3, 10 and 11). Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). Defendants have not been served in this matter. Accordingly, the motions are DENIED without prejudice.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT **within thirty (30) days** from the date this order is filed, containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. See Fed. R. Civ. P. 20(a)(2). The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Fed. R. Civ. P. 8(a)(2). The amended complaint must include the caption and civil case number used in this order (13-03366 EJD (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

Claims and defendants not included in the First Amended Complaint will not be considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. See Fed. R. Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against unrelated Defendants. He also must either pay the $ 350.00 filing fee, or file a completed court- approved in forma pauperis application, for each separately-filed action. See 28 U.S.C. § 1915.

**Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to Plaintiff.**

2.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3.   Plaintiff's motions for a preliminary injunction, (Docket Nos. 3, 10 and 11), are DENIED.

4.   In light of this order, Plaintiff's motions for a ruling, (Docket Nos. 3 and 9), are DENIED as moot.

The Clerk shall enclose two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 9, 10.

DATED: __2/13/14__

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THOMAS GOOLSBY,

        Plaintiff,

v.

G. D. LEWIS, et al.,

        Defendants.

Case Number: CV13-03366 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/13/14, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Goolsby
F-19778
P.O. Box 7500
Crescent City, CA 95532

Dated: 2/13/14

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk