UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS GOOLSBY,
    Plaintiff,

v.

PUGETT, et al.,
    Defendants.

Case No. 13-cv-03366-JD

**ORDER ON MOTIONS**

Re: Dkt. Nos. 44, 45, 50, 66, 68, 73

Plaintiff, a state prisoner, proceeds with a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that he was denied access to the courts due to the denial of requests to correspond with inmates at another prison and he missed several court phone calls due to defendants. He also alleges that defendants' actions were in retaliation for his protected conduct. The parties filed several motions that the Court now addresses.

**Motion to Compel**

A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). As the moving party, plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient.

Plaintiff filed a motion compel that is more than 300 pages with exhibits. He seeks the Court to compel nearly every document and interrogatory request. Plaintiff's spends 100 pages

1   discussing the discovery requests and 50 pages discussing the interrogatory requests. Defendants
2   correctly argue that this extensive vastly exceeds Local Rule 7-2(b), which limits the arguments in
3   a motion to 25 pages. Defendants still filed an opposition addressing the motion and the Court has
4   reviewed the requests and responses by defendants and will look to the merits.

5         Defendants' responses to the discovery requests demonstrate that they provided documents
6   and answers to many of plaintiff's requests. Defendants also note that they have continued to
7   produce documents even after the motion to compel was filed. They have served supplemental
8   responses to 49 of plaintiff's 115 requests, and many of the issues raised in the motion to compel
9   are now moot. While plaintiff filed a letter after defendants opposed the motion to compel,
10  plaintiff did not address defendants' arguments in opposition or that more information had been
11  provided.

12        Defendants contend that the remaining document requests are overly broad, burdensome,
13  and vague. For example, plaintiff requests a copy of the California Code of Regulations Title 15,
14  the Department Operations Manual, and the Pelican Bay Operations Manual. Only small portions
15  of these documents relate the subject matter of this case and these documents are available to
16  plaintiff in the prison law library. Plaintiff requests that each defendant provide all documents or
17  emails signed by each defendant in the course of their work that state plaintiff's name from 2012
18  to the present. This request is overly broad and burdensome. Plaintiff also requests that
19  defendants provide all documents that support their contention that they did not violate his rights.
20  This request is vague and ambiguous. The remaining requests are also overly broad, burdensome,
21  or vague.

22        With respect to the interrogatory requests, defendants provided answers to many questions,
23  but it appears that plaintiff is not satisfied with the answers. Plaintiff has failed to demonstrate the
24  Court should compel additional answers. For all these reasons the motion to compel is denied.

25  **Miscellaneous Motions**

26        Plaintiff's motion for sanctions and motion to strike the motion to dismiss and motion for
27  summary judgment are denied as meritless. Plaintiff's motion to file a lengthy opposition to the
28  dispositive motion is granted and the Court will consider the filing.

**CONCLUSION**

1. Plaintiff's motion to compel (Docket No. 45) is **DENIED**.

2. Defendants' motion to strike the motion to compel (Docket No. 50) is **DENIED** as moot.

3. Plaintiff's motion for sanctions (Docket No. 44) and motion to strike the motion to dismiss and motion for summary judgment (Docket No. 66) are **DENIED**.

4. Defendants' motion for an extension (Docket No. 68) is **GRANTED** and the filing is deemed timely filed.

5. Plaintiff's motion to file a lengthy opposition to the motion to dismiss and motion for summary judgment (Docket No. 73) is **GRANTED**.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 17, 2015

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS GOOLSBY,

    Plaintiff,

  v.

PUGETT, et al.,

    Defendants.

Case No. 13-cv-03366-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Goolsby
PBSP D-8-224
F-19778
P.O. Box 7500
Crescent City, CA 95532

Dated: November 17, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO