Thomas Goolsby F-19778
PBSP D-8-202
P.O.Box #7500
Crescent City, CA 95532
Plaintiff, Pro-Se

**FILED**

FEB -3 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Thomas Goolsby,<br><br>        Plaintiff,<br><br><br>  v.<br><br>Puget, et.al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: 13-cv-03366-JD<br><br>Plaintiff's Motion To<br><br>Reconsider Order Granting<br><br>Summary Judgement. |

Plaintiff hereby moves this Court to reconsider it's order granting summary judgement to Defendants. Plaintiff bases his motion on misunderstandings the Court has made about Plaintiff's facts.

The Court forced Plaintiff into a no win situation. Plaintiff learned shortly before the dispositive deadline that he had made a error in the timeline of event, when Barnts made his comments to Plaintiff. IMMEDIATELY, from when Plaintiff learned of this mistake he amended his complaint (See TAC) to reflect the correct sequence of events. The Court waited six months to rule on Plaintiff's motion to amend and only did so in conjunction with Defendants MSJ. (See Order) Plaintiff opposed Defendants Motion relying on his TAC. (See Opp.) Then the Court ruled on Defendants MSJ, but applied only

1

Plaintiff's SAC, which Plaintiff admits is mistaken. Then uses the
mistake to grant summary judgement to Defendants. This is unfair! The
Court states "On July 13, 2015, plaintiff filed a motion to amend
noting that he was mistaken about when the interaction with Barnts
occured...."(Order pg.4,f.n.3) and "Plaintiff states that he made a
mistake about which call the circumstances related to because he sent
his legal notes to a family member for safekeeping and the notes were
not returned until recently. He does not allege that Defendants were
responsible for this mistake and it is not clear why it took more
than two years for plaintiff to obtain the notes from his family member."
(Order pg.16, ¶5-9) Plaintiff will explain. Plaintiff was asked and
agrred to testify for the defense in a Capitol Punishment Trial in
Kern County Superior Court. Plaintiff was expected to testify in
April, 2013. See, People vs. Travis Frazier and Kenneth Nowlin,
Case No: BF129330A/B, Kern County Superior Court.(EX. A) It was in
preparation for this transfer that Plaintiff sent all of his urgent
legal documents and notes home to his wife Holly Goolsby. As Plaintiff
explained in his original complaint he did NOT transfer due to PBSP
officials putting him on potty watch.(See Orig. Complaint.) Afterward,
Plaintiff wrote Mr. Frazier's defense attorney Peter Kang and explained
what PBSP was doing to him and asked to dropped from the witness list
which Mr. Kang agreed to do.(See Ex. B) Plaintiff then wrote his wife
to request the return of his legal documents and notes. Plaintiff
received some of them, but a dispute arose between Plaintiff and his
wife leading to the estrangement of the two. Mrs. Goolsby refused to
send ANY more legal documents or legal notes of Plaintiff to him.
Plaintiff begged and pleaded to no avail, Plaintiff asked other family

2

members including his Mother and Brother to go to Plaintiff's wife's residence and retrieve the legal documents and legal notes. Mrs. Goolsby refused to give up the documents as a way to inflict pain on Plaintiff. With no option, Plaintiff wrote the events of Barnts statements to the best of his memmory. Plaintiff believed (Mistakenly) that the interaction and statements made by Mr. Barnts happened BEFORE the July 10, 2012 call because Plaintiff distinctly remebered Mr. Barnts discussing the July 10, 2012 Court Call. That's why Plaintiff drafted his complaint and FAC and SAC with that sequence of events and timing. Plaintiff's wife moved residences in June, 2015. When she did she unexpectedly called Plaintiff's Mother to come pick up items belonging to Plaintiff. In those items were the legal documents and legal notes of Plaintiff he had written immediately after the incident with Barnts. Upon seeing the mistake Plaintiff immediately filed the Motion to Amend. And in case the Court is wondering the reason Plaintiff sent out the notes in the first place, is because when an inmate goes out as a witness to case that is NOT his own, he is NOT allowed to take ANY property with him. His property is kept at PBSP and stored for the entire time Plaintiff is gone. Plaintiff didn't know how long he would be gone, the case was death penalty case and Plaintiff had to file his complaint in the summer of 2013 due to the six month time constraints from his State law claims Board of Claims. They have to be filed within six months of the board denying the claim. Government Code section 945.6(a)(1).

Plaintiff hopes the Court can understand the predicament that plaintiff was in and reconsider it's ruling. Plaintiff hopes that atleast the Court would allow Plaintiff's TAC to be relied on like a declaration in support of his claims.

3

July 10, 2012 Court Call:

The Court incorrectly states "A Court Call document shows that confirmation for the July 10, 2012 call was sent to CCI, not PBSP, for case GOOLSBY v. STAINER...."(Order pg.4,¶2-3) The Court cites Barnts declaration as evidence. But Plaintiff showed that the Kern County Superior Court sent Barnts not ONE, but TWO confirmations on 6/19/12 and 7/5/12. THis is proven by DEFENDANTS Judicial Notice documents. Def's RJN EX. F, pg. 3 and 4) Plaintiff pointed this out to the Court in his opposition (Opp. pg.5,¶16 and pg. 6) This creates a genuine material fact that Barnts DID receive a confirmation prior to the July 10, 2012 call.

Next, if the Court would atleast treat the TAC as a declaration under penalty of perjury, Mr. Barnts comments; even though they were made AFTER the missed July 10, 2012 Court call state WHY Plaintiff missed the July 10, 2012 Court call. "Plaintiff questioned Barnts about missing the July 10, 2012 Court call. Plaintiif asked' Did you get my court call confirmation for july 10, 2012?' Defendant Barnts replied 'yeah, I got it but your not getting court calls.' Plaintiif asked 'Why? It's court ordered phone calls for court hearings in open court. You have to give me the calls.' Defendant Barnts replied'I don't have to do anything, why should I help you sue us? Lewis and Puget told me to stop your legal bullshit, shut it down....(TAC)"(Opp. pg. 23, ¶72) This clearly creates a genuine material fact in dispute that Plaintiff was not allowed to make the July 10, 2012 Court Call out of retaliation. Plaintiff asks the Court to reconsider the issue. "The Court cannot ignore Stewart's affidavit merely because it is inconsistent with documentary evidence submitted by the moving parties,

even though that evidence includes unsworn statements by Stewart
that contradict his affidavit."Stewart v. Alameida, 418 F.Supp.2d 1154
(N.D.CAL.2006). "Although we can understand the District Court's
disbelief of Leslie's assertions in his deposition and sworn declaration
such disbelief cannot support summary judgement."Leslie v. Grupo ICA,
198 F.3d 1152 at 1159 (9th Cir.1999). Plaintiff has proven a genuine
material fact in dispute as to the July 10, 2012 Court call.

Access to Court Claims:

The Court granted summary judgement to all of Plaintiff's
access to Court claims due the Court's finding that Plaintiff has
failed to prove an actual injury. "Defendant's contend that even
assuming they deliberately denied the court calls, plaintiff cannot
demonstrate an actual injury. The undisputed facts support this
argument."(Order pg. 8, ¶23-24) The Court decided that Plaintiff's
family decision not to loan Plaintiff the money to post as security,
because they were concerned Plaintiff would lose it, by having a case
dismissed due to his inability to appear at a Court Call as he had
been deliberately denied court call access on several prior occassions,
was insufficient to allege an "actual injury". But the Ninth Circuit
in Allen v. Sakai, 48 F.3d 1082 (9th Cir. 1994) held "The defendant's
argue that Smith's right to Court access was not impaired by any
deprivation of photocopying services because the State Court eventually
did consider his second petition for post-conviction relief. We disagree.
Smith was able to duplicate his petition and have it filed with the
Court, but not until AFTER the State Court refused to accept a single

5

copy for filing. Once Smith submitted his petition to the Court, but filing was refused, he was injured." In Plaintiff's case he was sanctioned TWICE for failing to appear. But like, Smith was able to eventually after much hard work get it overturned. But as soon as Plaintriff was denied Court access via Court call and the Court sanctioned Plaintiff, he was injured.  Therefore, Plaintiff respectfully asks the Court to reconsider these claims.

STATE LAW CLAIMS:

The Court granted Plaintiff's request for supplemental jurisidction to hear Plaintiff's State law claims. But once the Court ruled on Plaintiff's Federal claims and found summary judgement in Defendant's favor, the Court dismissed Plaintiff's State law claims. Because the Court granted supplemental jurisdiction in the First place, Plaintiff believes the Court should atleast rule on the State law claims at the MSJ before it. Then after, ruling on them, make a decision to continue jurisdiction.

CONCLUSION:

Plaintiff asks the Court to take a second look at his claims and Defendants MSJ inlight of Plaintiff's additional facts and explanations. Plaintiff feels he was put in a 'No Win' situation by the way the Court handled his Motion to Amend and Opposition. Plaintiff asks the Court to reconsider based on the above.

Verification:

I, Plaintiff Thomas Goolsby, hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: January 26, 2016                    Respectfully Submitted,

Thomas Goolsby
Plaintiff, Pro-Se

EXHIBIT A

1   KONRAD MOORE
    Public Defender
2   1315 Truxtun Avenue
    Bakersfield, California
3   (661) 868-4799

4   Peter Kang, SBN 194726
    Attorney for Defendant
5

ENDORSED
FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

MAR  7 2013

TERRY McNALLY, CLERK
BY_____
                    DEPUTY

6           SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

7                       METROPOLITAN DIVISION

8

9   PEOPLE OF THE STATE OF CALIFORNIA,        )   No.  BF129330A / B
                                              )
10                          Plaintiff,        )   ORDER FOR REMOVAL
                                              )   OF DETAINEE
11              vs.                           )   THOMAS GOOLSBY
                                              )   CDC # F19778
12  TRAVIS FRAZIER,                           )
13  KENNETH NOWLIN,                           )   Readiness: 1/11/13
                                              )   Trial: 3/13/13
14                                            )
                                              )   Date Needed: April 1, 2013
15                          Defendant.        )   Time: 9:00 a.m.
                                              )   Dept: 16
16  _____

17          The above named defendant is scheduled to begin trial in the Superior Court of Kern County

18  in Department 16 on March 13, 2013 at 9:00 a.m. for trial  in the above-entitled cause.

19          IT IS HEREBY ORDERED that Kern County Sheriff's Department or its representative, bring

20  THOMAS GOOLSBY,  CDC # F19778  to this Court from Pelican Bay State Prison in Crescent City,

21  California to be a witness in above-entitled case.

22

23  Dated: 3/7/13                          _____   JOHN W. LUA

24

25                                         JUDGE OF THE SUPERIOR COURT

26

27

28

Removal Order

1 | KONRAD MOORE
Public Defender
2 | 1315 Truxtun Avenue
Bakersfield, California
3 | (661) 868-4799

4 | Peter Kang, SBN 194726
Attorney for Defendant
5

6

7 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

8 | METROPOLITAN DIVISION

9 | PEOPLE OF THE STATE OF CALIFORNIA,      )      No. BF129330A / B
                                          )
10 |                          Plaintiff,   )      **DECLARATION IN SUPPORT**
                                          )      **OF REQUEST FOR REMOVAL**
            vs.                           )      **ORDER**
11 | **TRAVIS FRAZIER,**                   )
KENNETH NOWLIN,                           )
12 |                                       )
                                          )
13 |                          Defendant.   )
      _____    )

14

15 |        I, PETER KANG, declare as follows:

16 |        I am the attorney assigned to represent the defendant in the above-entitled cause.

17 |        A DEATH PENALTY trial is set to begin on March 13, 2013.  The detainee must be transported

18 | from Pelican Bay State Prison in Crescent City, California to be a witness in above-entitled case.    We

19 | expect him to testify on April 1, 2013.

20 |        Detainee **THOMAS GOOLSBY,  CDC # F19778** , is a witness and is currently incarcerated at

21 | Pelican Bay State Prison in Crescent City, California.  His appearance is required at the trial.

22 |        I declare, under penalty of perjury, that the above is true and correct to the best of my

23 | knowledge.

24 |        Executed on March 6, 2013, at Bakersfield, California.

25

26

27 |                                        PETER KANG
                                          Deputy Public Defender
28

Removal Order





SUPERIOR COURT, STATE OF CALIFORNIA
COUNTY OF KERN, METROPOLITAN DIVISION
THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE OFFICE OF THE CLERK OF THIS COURT.

DATED: _____

BY: _____ TERRY McNALLY

DEPUTY

EXHIBIT B

# LAW OFFICE OF THE PUBLIC DEFENDER
## COUNTY OF KERN



**KONRAD MOORE**
Public Defender

**DOMINIC EYHERABIDE**
Assistant Public Defender

1315 Truxtun Avenue
Bakersfield, CA 93301

Telephone (661) 868-4799
Fax (661) 868-4785

May 2, 2013

To:  THOMAS GOOLSBY CDC # F19778
Pelican Bay State Prison
PO Box 7500 D-8-124
Crescent City, CA 95531

RE:  <u>LEGAL MAIL</u>

Dear Mr. Goolsby:

Thank you for responding to my letter.  At this time, we are not going call you as a witness.

I have spoken to Travis about what you are going through and all your concerns.  Travis said he understood where you were coming from and did not want to continue to place you in an uncomfortable life interrupting situation.  I am sorry to hear from you that CDC is making life difficult for you after you agreed to assist us in our defense.

I did encourage Travis to call you as a witness.  However, Travis has requested that I drop you from our witness list.  Tactically, I can also see reasons not to call you as a witness at this point.

Thank you for writing back.  I have asked the court to vacate all other removal order dates for you.  I wish you the best Mr. Goolsby.


Regards,


Peter Kang
Attorney-At-Law

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY
(Fed. R. CIV. P. 5:28 U.S.C. 1746)

I, _____ Daniel Treglia _____, declare:

I am over eighteen (18) years of age and am a party to this action. I am a resident of _____

_____ Pelican Bay State _____Prison,

In the county of _____ Del Norte _____,

State of California.  My prison address is _P.O.Box #7500 _____,

_____ Crescent City, CA 95532 _____

On _____ January 28, 2016 _____,
                                    (Date)

I served the attached: _Motion to Reconsider MSJ _____,

_____,
                      (DESCRIBE DOCUMENT)

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States mail in a deposit box so provided at the above named correctional institution in which I am presently confined.  The envelope was addressed as follows:

Deputy Attorney General Virginia I. Papan _____

455 Golden Gate Avenue #11000 _____

San Francisco, CA 94102 _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _1/28/ 20 16 _____  _Daniel Treglia_____
                                                      (Declarant's Signature)

Thomas Goolsby F-19778
PBSP D-8-224
P.O.Box #7500
Crescent City, CA 9553:

LEGAL MAIL

02/01/2016
US POSTAGE $000.42°
ZIP 95531
041L12208051

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
San Francisco, CA 94102

A8005 12 10204945

FOREVER

A8005 1028 175034

